# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN RASZKIEWICZ,
        Plaintiff,

v.                                                    Civil action no. 5:04-CV-81

NATIONWIDE MUTUAL
INSURANCE COMPANY,
        Defendant.

## MEMORANDUM, OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL, DENYING DEFENDANT'S MOTION TO EXCLUDE

On June 27, 2005, came Plaintiff by David A. Jividen, in person and Defendant by Laura C. Davis, in person for a hearing on Defendants' Motion to Compel, or in the alternative, Motion to Exclude. Testimony was not taken. Plaintiff's counsel introduced copies of updated medical files and copies of authorization into evidence.

### I. Introduction

A.      Background. On April 14, 2005 Defendant served plaintiff with its First Request for Production of Documents. On April 15, 2005 Defendant filed its Second Request for Production of Documents. The plaintiff's response on June 1, 2005 contained only objections to defendant's request for production and no records. Defendant filed a Motion to Compel, or in the alternative Motion to Exclude documents on June 3, 2005 and filed a Supplemental Motion to Exclude on June 9, 2005. Plaintiff responded to Defendant's Motion to Compel, Motion to Exclude on June 26, 2005 and responded to Defendant's Supplemental Motion to Exclude on June 27, 2005.

B.      The Motions.

<u>Defendant's Motion to Compel, or in the alternative Motion To Exclude</u>.[1]

<u>Defendant's Supplemental Motion to Exclude.</u>[2]

C.      <u>Decision.</u>

The Motion to Compel is **Granted in Part and Denied in Part** for the reasons hereinafter set forth.

The Motion to Exclude is **Denied** for the reasons hereinafter set forth.

II. <u>Defendant's Motion to Compel</u>

A. Timeliness

"If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B). If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' <u>Milner v. National School of Health Tech</u>., 73 F.R.D. 628, 632 (E.D. Pa. 1977)."

Defendant served its First Request for Production of Documents on April 14, 2005 and served its Second Request on April 15, 2005. The Plaintiff filed his responses on June 1, 2005.

---

[1] Docket Nos. 22 and 23

[2] Docket No. 26

A moving party has 30 days after the discovery response was due to file a Motion to Compel. L.R. Civ. P. 37.02(a)(3). When the Motion is mailed the moving party has an additional 3 days. Fed. R. Civ. P. 6(e). Defendant had until June 17, 2005 to file its Motion to Compel. Defendant filed its Motion to Compel Discovery on June 3, 2005. Defendant's Motion to Compel was timely filed.

B. Standard

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories. See Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully'). If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' Milner v. National School of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977)." Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa 1996). "As to much of the other information they refused to provide in their response to interrogatory 6, the plaintiffs do not deny the possess it or claim that it would be unreasonable to produce it, but simply respond that it is contained either in Shell's or the favored buyers' records. A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the efforts made to obtain it, or, if the burden of discovering the information is substantially the same for both the requestor and the requested, specify which of the requested's business records contain responsive information. See Fed. R. Civ. P. 33(d)."

C. Discussion

**First Request for Production**

Interrogatory Number 5

(Defendant request) *State for each injury suffered in the accident a) the extent and nature of any disability; b) describe in detail the mention of any pain suffered and the duration and intensity of such pain; c) if any of the plaintiff's normal activities are restrained because of the injuries suffered. If so, to describe in detail; and, d) if the plaintiff alleged that any of the injuries suffered are permanent, the degree of permanent impairment and which injuries that rendered him permanently impaired by whom such an impairment rating has been made.*

Plaintiff responds that he is under no duty to supplement his answers to this interrogatory because it was already answered on November 24, 2004. On that date the plaintiff stated that he is not claiming that he is disabled as a result of his injuries, describing in detail his pain and gave examples of restraints on normal activity. The plaintiff also stated that he believes his injuries are permanent and that he continues to suffer pain and discomfort and that he has not received any impairment rating. Plaintiff still suffers from the same pain and impairment described in his November 24, 2004 answers.

The Plaintiff properly responded to defendant's request.


Interrogatory Number 6

(Defendant request) *Asks a) the name and address of each hospital and facility where the plaintiff was treated and the dates when he was admitted and discharged; b) the name and address of all doctors or other health care providers who treated, examined, consulted or conferred with the plaintiff with respect to the injuries sustained; c) itemized bills; d) itemized doctors or other health care provider expenses that were assessed to the plaintiff and, e) itemized other medical expenses.*

Plaintiff responds that on November 24, 2004 he had provided complete answers to this interrogatory. On April 12, 2005, plaintiff's counsel informed defendant's counsel that the plaintiff had resumed treatment but he had not yet received additional medical bills or records. On April 20, 2005, plaintiff's counsel forwarded the updated medical records and bills to defendant's counsel. Plaintiff adds that he therefore supplemented this interrogatory with all of the information in his possession. In addition, Plaintiff's counsel entered as evidence during the June 27, 2005 Motion to Compel Hearing updated medical records, bills and authorizations.

However, upon receiving and reviewing this information defense counsel objected, stating that the information remains incomplete. Specifically, defense counsel states that she still needs the Plaintiff to provide medical bills for a March 30, 2005 visit to Dr. Edgmom, a doctor who the Plaintiff had previously listed as a provider, as well as bills and other records for Geary Chiropractic Clinic.

Therefore, the Plaintiff is ORDERED to provide the defense counsel with the information from Dr. Edgmom, Geary Chiropractic Clinic and any other medical bills and records that Plaintiff has in his possession.

Interrogatory Number 7

(Defendant request) *Asks for a) the name and address of the person providing the medical services; b) the frequency, & c) nature of the treatment; d) the date of the last treatment and e) when the treatment is expected to cease.*

Plaintiff responds that he answered this interrogatory by providing information regarding treatment by his family physician, Dr. Edgmon. On April 20, 2005, plaintiff's counsel forwarded

updated medical records and bills to defense counsel. In addition, Plaintiff's counsel entered as evidence during the June 27, 2005 Motion to Compel Hearing updated medical records, bills and authorizations.

Defense counsel again finds the medical records provided to be incomplete. As stated above, defense counsel states that she still needs the medical bills for a March 30, 2005 visit to Dr. Edgmom. Along with the medical records and bills from Geary Chiropractic Clinic, the Plaintiff has yet to identify this medical provider in his expert disclosure.

The Plaintiff is ORDERED to supplement his expert disclosure with any other undisclosed medical providers. Also, the Plaintiff is required to provide the defense counsel with the medical bills from Dr. Edgmom, Geary Chiropractic Clinic and any other medical bills and records in his possession that have not been handed over to the defense counsel.

Interrogatory Number 8

(Defendant request) *Requests information regarding the plaintiff's expert witness.*

It is plaintiff's position that he is under no duty to supplement this answer because on April 11, 2005 he filed his Disclosure of Expert Witnesses. Plaintiff does not believe that the information in the Expert Witness Disclosure is incomplete or incorrect in any material respect.

Defendant responds that the plaintiff has failed to provide a signed expert report from his expert witness, Jack Lane**.** Pursuant to Rule 26(a)(2)(B) "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be

expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Fed.R.Civ.P. 26(a)(2)(B).

Pursuant to Rule 26(a)(2)(B), the Plaintiff is ORDERED to provide a signed expert report for his expert witness, Jack Lane containing all information required by the rule.

Interrogatory Number 11

(Defendant request) *Requests that the plaintiff itemize separately, special damages suffered as a result of the accident and special damages suffered as a result of the handling of the plaintiff's insurance claim.*

Plaintiff responds that on November 24, 2004 he provided an itemized medical bill summary to the defendant. At that time, plaintiff asserts that the bill summary was not incomplete or incorrect and the plaintiff did not have any additional medical bills to provide. Also, on April 20, 2005, plaintiff supplemented his answer by providing all additional medical bills in his possession to defendant's counsel. In addition, Plaintiff's counsel entered as evidence during the June 27, 2005 Motion to Compel Hearing updated medical records, bills and authorizations.

However, upon receiving and reviewing this information defense counsel maintains that the information submitted is incomplete. Defense counsel asserts that they have not received all

medical bills and records for the Plaintiff's most recent treatment.

The Plaintiff is ORDERED to provide defense counsel with all medical bills and records from Dr. Edgmom, Geary Chiropractic Center and any other recent medical bills Plaintiff has in his possession.

Request Number 15

(Defendant request) *Asks for the most recent CV or resume of experts consulted with or retained relative to the claims against the defendant.*

It is the plaintiff's position that he does not have to supplement this interrogatory. Plaintiff objected to this request on November 24, 2004 because it sought non-discoverable work product information because any expert contacted may not be called as a witness. Plaintiff responds that to the extent that this request still seeks non-discoverable, work product information, he still objects to the request. By not complying with L.R. Civ. P. 26.04(2), this objection may have been waived.

Plaintiff is ORDERED to provide the court with a privilege log and copies of the claimed work product documents for the information requested in Number 15 for *in camera* review within 14 days from the date of this Order.

Request Number 16

(Defendant request) *Asks plaintiff for copies of all documents evidencing reports of experts, including reports and drafts and final form and all correspondence from any experts.*

Plaintiff continues to object to this request as seeking non-discoverable work product

information. By not complying with L.R. Civ. P. 26.04(2), this objection may have been waived.
Plaintiff is ORDERED to provide the court with a privilege log and copies of the claimed work product documents for the information requested in Number 16 for *in camera* review within 14 days from the date of this Order.

Request Number 17

(Defendant request) *Seeks all medical records, medical reports and other tangible items within the plaintiff's possession, custody, or control, which reflect, reference, or in any way relate to the injuries suffered by the plaintiff as a result of the collision.*

Plaintiff maintains that he provided complete answers to this request on November 24, 2004 and again on April 20, 2005 when updated medical records and bills were available to him. Plaintiff's counsel also provided updated physical therapy and other medical records, bills and authorizations during the June 27, 2005 Motion to Compel Hearing.

However, defense counsel maintains that they have not received all medical bills and records for the Plaintiff's most recent treatment. The Plaintiff is therefore ORDERED to provide all medical records and/or bills still in his possession that in any way relate to the injuries he suffered as a result of the collision within 14 days from the date of this Order.

Request Number 18

(Defendant request) *Seeks all medical records of the Plaintiff for any prior or subsequent injuries.*

Plaintiff responds that he answered this request on November 24, 2005 stating that he had

no prior or subsequent injuries. It is the position of the plaintiff that this answer is not incomplete or incorrect in any material regard. The Plaintiff properly responded to Defendant's request.

Request Number 19

(Defendant request) *Seeks all bills, statements, invoices, explanations for benefits, and other documents relating to the costs of medical services rendered to the plaintiff as a result of the accident.*

Plaintiff responds that on April 20, 2005, plaintiff's counsel forwarded all updated medical records and bills to defendant's counsel that were the result of plaintiff's recent treatments. Defense counsel objects to the information submitted by the Plaintiff on April 20, 2005 as well as during the Motion to Compel Hearing on June 27, 2005.

Defense counsel asserts that they have not received all medical records or bills for the Plaintiff's most recent treatment. Specifically the treatment records for Dr. Edgmom and Geary Chiropractic Clinic.

Plaintiff is ORDERED to provide the defense counsel with medical records related to Plaintiff's most recent treatment by Dr. Edgmom and Geary Chiropractic Clinic within 14 days from the date of this Order.

Request Number 23

(Defendant request) *Asks for the CV of the expert witness that the plaintiff anticipates he will call at trial.*

Plaintiff responds that the expert witness disclosure he filed on April 11, 2005 with the

necessary information regarding the experts he anticipates will testify at trial are not incomplete or incorrect in any material manner.

The defense counsel maintains that Plaintiff's expert disclosure is incomplete. The Plaintiff is ORDERED to supplement his expert disclosure with any additional medical providers and expert witnesses he anticipates to call at trial. Plaintiff must include the CV of all expert witnesses as well as signed reports for each within 14 days from the date of this Order.

Request Number 24

(Defendant request) *Seeks copies of reports, studies and other documents used by an expert identified in any response to the interrogatories.*

Plaintiff responds that the expert witness disclosure he filed on April 11, 2005 with the necessary information regarding the experts he anticipates will testify at trial are not incomplete or incorrect in any material manner. The information plaintiff included in his expert witness disclosure lacks a signed expert report from Jack Lane.

The Plaintiff is ORDERED to provide a signed report from Mr. Lane that contains copies of the reports, studies and other documents used by him. As previously stated, the Plaintiff is required to supplement his expert disclosure with any additional medical providers and expert witnesses all to be provided within 14 days from the date of this Order.

**Second Request for Production**

(Defendant's request) *All medical records, reports, pharmacy records, chiropractic records, worker compensation records, and any other tangible items which reflect, reference, or in any*

*other way relate to any medical treatment, consultation, or prescriptions that the Plaintiff received from 1997 until the date of the accident of October 30, 2003.*

Plaintiff's response: Objection. The request is not specific to any medical providers or specific injury and therefore is overly broad. Plaintiff does not have possession of any such records. Plaintiff has previously stated in his Answer to Interrogatory No. 4 of Defendant's First Set of Interrogatories that he does not recall ever receiving worker's compensation benefits; therefore plaintiff does not believe that there are any such worker's compensation records. Further, plaintiff will provide the defendant with signed authorizations specific to the medical providers from which the defendant intends to request any such records with the understanding that the defendant will immediately provide copies of any records received through the use of any such authorization to plaintiff's counsel.

The Plaintiff has since provided such authorizations to the defense counsel. However, defense counsel argues that the plaintiff should provide all medical records and bills for treatment received between 1997 to October 30, 2003. Defense counsel however, does not need the Plaintiff, himself, to retrieve past medical records that are not currently in his possession. Defense counsel "may obtain medical information and records of a claimant by written release." Dresser Indus. v. Reese, 673 So. 2d 1151 (La.Ct.App., 1996). Therefore, since the defense counsel has authorizations from the plaintiff, they are able to obtain his past medical records.

Therefore, Plaintiff is ORDERED to provide all medical records in his possession pertaining to the time period between 1997 and October 30, 2003 within 14 days from the date of this Order. Defense counsel must use the authorizations to obtain additional medical records that the Plaintiff does not have in his possession.

III. <u>Defendant's Motion to Exclude</u>

"In the absence of contrary direction by the Court, a party could assert, with technical correctness, that the deadline for supplementing Rule 26(a)(2)(B) expert disclosures could be as late as the filing of pretrial submissions as required by Local Rules." <u>Tucker v. Ohtsu Tire & Rubber Co., Ltd.</u>, 49 F.Supp.2d 456, 460 (D.Md.1999). "Rule 26(e)(1) further states that, with respect to expert disclosures required by Rule 26(a)(2)(B), 'any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.' Rule 26(a)(3) disclosures are required not later than 30 days before trial, unless otherwise ordered by the Court." *Id.* "However, since the rules of procedure are to be construed to reach just, speedy and inexpensive results, Fed.R.Civ.P. 1, a party who delays supplementing Rule 26(a)(2)(B) expert disclosures until the filing of pretrial submissions, absent compelling reasons for doing so, should not expect the Court automatically to permit the expert to testify at trial about the newly disclosed information for such action would condone 'trial by ambush.' The Court in *Tucker* also stated that "in light of the large window of time allowed by Rules 26(a)(2)(B) and 26(e)(1) to supplement expert disclosures, the Court should not automatically permit testimony at trial as to the newly discovered information if, considering the facts of the case, it is convinced that doing so would be unfair or cause undue delay or expense. In making such a determination, the Court should consider the following factors: (1) the explanation for making the supplemental disclosure at the time it is made; (2) the importance of the supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice." <u>Tucker</u>, 49 F. Supp.2d at 461.

First, the April 20, 2005 and June 27, 2005 supplementation of expert witnesses and newly-resumed medical treatment and expenses were both technically timely, and sufficiently in advance of the November 1, 2005 trial. Therefore, it cannot fairly be characterized as "ambush tactics." Plaintiff informed defense counsel that on April 12, 2005, plaintiff had resumed medical treatment for injuries he sustained on October 30, 2003. Plaintiff also informed defense counsel on that date that he had not yet received the most recent medical bills and records from plaintiff's treatment. Plaintiff counsel states that on April 18, 2005 he received the new medical bills and records and forwarded them onto defense counsel on April 20, 2005. The June 27, 2005 supplementation reflects new information the Plaintiff received regarding medical bills Plaintiff's counsel had received on June 23, 2005.

Second, both plaintiff's expert witness and his newly-resumed medical treatment and expenses are of central importance to the plaintiff's case. In Plaintiff's April 11, 2005 Disclosure of Expert Witnesses, plaintiff's counsel stated the importance of having Jack Lane and other expert witnesses testify on plaintiff's behalf. Jack Lane is a former insurance claims adjuster who focuses on the standards governing the appropriate methods and procedures to be followed by insurance adjusters in the State of West Virginia in evaluating, adjusting, and handling bodily injury claims. The testimony of Jack Lane is crucial to Plaintiff's argument that Nationwide among other things mishandled Plaintiff's claim. Further, the medical records of plaintiff's recent treatment are of vital importance in that they demonstrate that plaintiff requires further treatment for injuries sustained in the October 30, 2003 accident.

Third, there has been no prejudice to the defense counsel in supplementing expert disclosure. Plaintiff's supplemental disclosure was made prior to the new June 6, 2005 expert

disclosure cutoff and also the August 1, 2005 complete disclosure cutoff. The May 17, 2005 order of the Court granting defendant's Motion to Continue stated that the expert disclosure date for a party not bearing the burden of proof on an issue was extended until June 27, 2005. Given the fact that plaintiff's counsel submitted their supplemental medical records and expert disclosure on April 11, 2005 and first supplemented their disclosure on April 20, 2005, defense counsel had adequate time to respond. The supplementation made on June 27, 2005 was made after the June 6, 2005 deadline. However, this is due to the fact that the Plaintiff received additional medical bills on June 23, 2005. Furthermore, the defense counsel will have ample time to undertake additional discovery regarding plaintiff's supplemental information before the August 1, 2005 complete disclosure deadline.

Fourth, defense counsel will have additional time to gather discovery materials prior to the date of trial. "[T]he deadline for supplementing Rule 26(a)(2)(B) expert disclosures could be as late at the filing of pretrial submissions as required by Local Rules." *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 49 F.Supp.2d 456, 460 (D.Md.1999). "Rule 26(e)(1) further states that, with respect to expert disclosures required by Rule 26(a)(2)(B), 'any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.' Rule 26(a)(3) disclosures are required not later than 30 days before trial, unless otherwise ordered by the Court." Therefore, defense counsel will have plenty of time to respond to Plaintiff's supplemental materials.

Having satisfied the four criteria, Plaintiff's supplemental discovery information should not be excluded.

IV. Decision.

A. It is ORDERED that the Plaintiff shall provide the Defendant with the following:

1) Plaintiff shall respond to Interrogatory Number 6 within 14 days from the date of this Order.

2) Plaintiff shall respond to Interrogatory Number 7 within 14 days from the date of this Order.

3) Plaintiff shall respond to Interrogatory Number 8 within 14 days from the date of this Order.

4) Plaintiff shall respond to Interrogatory Number 11 within 14 days from the date of this Order.

5) Plaintiff shall respond to Request Number 17 within 14 days from the date of this Order.

6) Plaintiff shall respond to Request Number 19 within 14 days from the date of this Order.

7) Plaintiff shall respond to Request Number 23 within 14 days from the date of this Order.

8) Plaintiff shall respond to Request Number 24 within 14 days from the date of this Order.

9) Plaintiff shall respond to the Second Request for Production with all information in his possession by within 14 days from the date of this Order.

B. Plaintiff is ORDERED to provide a privilege log for an *in camera* review for the following Requests:

1) Request Number 15 by within 14 days from the date of this Order.

2) Request Number 16 by within 14 days from the date of this Order.

C. It is ORDERED that Defendant's Motion to Exclude is DENIED.

Any party may, within ten (10) days after being served with a copy of this Order, file with

the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to counsel of record.

DATED: July 26, 2005

                                                    /s/ James E. Seibert  
                                                  JAMES E. SEIBERT  
                                                  UNITED STATES MAGISTRATE JUDGE